# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ELAINE R. SMITH, Guardian for THOMAS K. IRWIN, a Protected Person | Case No.: 3:23-cv-00365 |
| Plaintiffs | Judge Michael J. Newman |
| | Magistrate Peter B. Silvain, Jr. |
| vs. | ANSWER AND JURY DEMAND WITH INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS ATTACHED OF DEFENDANTS, MIAMI VALLEY EMERGENCY SPECIALISTS, LLC AND STEVEN F. CHAPMAN, DO |
| MIAMI VALLEY HOSPITAL | |
| Defendants | |

Now come Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O., by and through counsel and for their Answer to Plaintiff's Complaint, state as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

2. The first defense is incorporated herein by reference as if fully rewritten.

3. Defendants deny for want of knowledge Paragraphs 1 through 9, inclusive, of Plaintiff's Complaint.

4. Defendants admit Paragraph 10 of Plaintiff's Complaint.

5. Defendants deny for want of knowledge Paragraph 11 of Plaintiff's Complaint.

6. Defendants admit Paragraph 12 of Plaintiff's Complaint.

7. Defendants deny for want of knowledge Paragraphs 13 through 54, inclusive, of Plaintiff's Complaint.

8. Defendants deny Paragraph 55 of Plaintiff's Complaint.

9. Defendants admit and/or deny in accordance with the previous pleading Paragraph 56 of the First Claim for Relief of Plaintiff's Complaint.

10. Defendants deny for want of knowledge Paragraphs 57 through 61, a, b, c and d of the First Claim for Relief of Plaintiff's Complaint.

11.	Defendants admit and/or deny in accordance with the previous pleading Paragraph 62 of the Second Claim for Relief of Plaintiff's Complaint.

12.	Defendants deny for want of knowledge Paragraphs 63 through 70, inclusive, of the Second Claim for Relief of Plaintiff's Complaint.

13.	Defendants admit and/or deny in accordance with the previous pleading Paragraph 71 of the Third Claim for Relief of Plaintiff's Complaint.

14.	Defendants deny for want of knowledge Paragraph s 72 through 74, inclusive, of the Third Claim for Relief of Plaintiff's Complaint.

15.	Defendants admit and/or deny in accordance with the previous pleading Paragraph 75 of the Fourth Claim for Relief of Plaintiff's Complaint.

16.	Defendants deny for want of knowledge Paragraphs 76 through 79, inclusive, of the Fourth Claim for Relief of Plaintiff's Complaint.

17.	Defendants admit and/or deny in accordance with the previous pleading Paragraph 80 of the Fifth Claim for Relief of Plaintiff's Complaint.

18.	Defendants deny Paragraphs 81 through 84, inclusive, of the Fifth Claim for Relief of Plaintiff's Complaint.

19.	Defendants admit and/or deny in accordance with the previous pleading Paragraph 85 of the Sixth Claim for Relief of Plaintiff's Complaint.

20.	Defendants deny for want of knowledge Paragraphs 86 through 94, inclusive, of the Sixth Claim for Relief of Plaintiff's Complaint.

## THIRD DEFENSE

21.	The preceding defenses are incorporated herein by reference as if fully rewritten.

22.	The Complaint fails to identify and join in this action persons and/or entities required to be joined.

## FOURTH DEFENSE

23.	The preceding defenses are incorporated herein by reference as if fully rewritten.

24.	The alleged injuries to Plaintiffs are not the result of any act or omission or failure to act on the part of these answering Defendants but rather are the result of an event which occurred naturally and over which these answering Defendants had no control.

## FIFTH DEFENSE

25. The preceding defenses are incorporated herein by reference as if fully rewritten.

26. The injuries and damages alleged in Plaintiff's Complaint, which allegations are denied, are the result of a preexisting condition and/or pathology and accordingly, any acts or omissions of these answering Defendants (which is expressly denied) cannot be deemed the proximate cause of the alleged injuries and damages to Plaintiff.

## SIXTH DEFENSE

27. The preceding defenses are incorporated herein by reference as if fully rewritten.

28. Plaintiff's underlying pathology was such that optimal medical and/or surgical intervention at any time in the clinical course would not have prevented the pathological condition which caused Plaintiff's injuries.

## SEVENTH DEFENSE

29. The preceding defenses are incorporated herein by reference as if fully rewritten.

30. Defendants are entitled to a set off from any adverse verdict to judgment entered of any amount paid to Plaintiff by any other person or entity pursuant to O.R.C. §2307.28. The Defendants are also entitled to an apportionment of liability to non-parties to this action pursuant to O.R.C. §2307.23(A)(2) and O.R.C. §2307.23(C). Pursuant to O.R.C. §2307.23(A)-(C), the Defendants are also entitled to an apportionment of liability to include any person or entity that is a party, has ever been named as a party to this action or to a subsequently filed action, regardless of whether the party remains a party at trial, is voluntarily dismissed, dismissed by the Court for any reason, or has settled.

## EIGHTH DEFENSE

31. The preceding defenses are incorporated herein by reference as if fully rewritten.

32. The alleged negligence of these answering Defendants (which allegations are denied) was cut off by an intervening agent whose negligence proximately caused injury to Plaintiff.

**NINTH DEFENSE**

33. The preceding defenses are incorporated herein by reference as if fully rewritten.

34. Plaintiff's claim is defeated by his own negligence which exceeds by 50% any alleged negligence of these answering Defendants.

**TENTH DEFENSE**

35. The preceding defenses are incorporated herein by reference as if fully rewritten.

36. These Defendants claim that Plaintiff, Thomas Irwin, failed to exercise reasonable care for his own safety and that such failure was a proximate cause of any and all of his injuries.

**ELEVENTH DEFENSE**

37. The preceding defenses are incorporated herein by reference as if fully rewritten.

38. Plaintiff failed to mitigate his damages.

**TWELFTH DEFENSE**

39. The preceding defenses are incorporated herein by reference as if fully rewritten.

40. Plaintiff's claims are barred by the statute of limitations.

**THIRTEENTH DEFENSE**

41. The preceding defenses are incorporated herein by reference as if fully rewritten.

42. There has been a failure and/or insufficiency of service and/or process.

**FOURTEENTH DEFENSE**

43. The preceding defenses are incorporated herein by reference as if fully rewritten.

44. This Court lacks jurisdiction over the subject matter of this dispute and/or the person of these answering Defendants.

**WHEREFORE,** having fully answered, said Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O., demand that the Complaint be dismissed as to them and that they may go hence without delay.

                                            Respectfully submitted,

/s/ *Michael F. Lyon*
| | |
|---|---|
| Michael F. Lyon, Esq. | (0006749) |
| Paul J. Vollman, Esq. | (0065680) |
| Cullen P. Rooney, Esq. | (0098158) |

LINDHORST & DREIDAME CO., L.P.A.
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
(513) 421-6630 Phone
(513) 421-0212 Fax
mlyon@lindhorstlaw.com
pvollman@lindhorstlaw.com
crooney@lindhorstlaw.com
*Attorneys for Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O.*

## **JURY DEMAND**

Defendants, Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O., hereby demand a trial by jury on all issues herein.

/s/ *Michael F. Lyon*
Michael F. Lyon

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic and/or regular U.S. Mail on this 18th day of January, 2024:

Nicholas A. DiCello, Esq.
Spangenberg Shibley & Liber, LLP
1001 Lakeside Ave. East, Suite 1700
Cleveland, OH 44114
ndicello@spanglaw.com
*Attorney for Plaintiffs*

James J. Harrington, IV, Esq.
Todd J. Weglarz, Esq.
Fieger, Fieger, Kenney & Harrington, P.C.
19390 W. 10 Mile Road
Southfield, MI 48075
j.harrington@fiegerlaw.com
t.weglarz@fiegerlaw.com
*Attorney for Plaintiff*

John F. Haviland, Esq.
Amber R. Mullaly, Esq.
Jaren A. Hardesty, Esq.
Bieser, Greer & Landis, LLP
6 North Main Street, Suite 400
Dayton, OH 45402
jfh@biesergreer.com
arm@biesergreer.com
jah@biesergreer.com
*Attorneys for Miami Valley Hospital, Premier Health Partners, Trent Davis, Trevor Bickford, M.D., Joseph W. Inhofer, M.D., and Megan M. Synder, R.N.*

Joshua F. DeBra, Esq.
Calderhead, Lockemeyer & Peschke
6281 Tri-Ridge Blvd, Suite 210
Loveland, OH 45140
jdebra@clp-law.com
*Attorney for Defendant, Dr. Titus Chu*

/s/ *Michael F. Lyon*
Michael F. Lyon

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **ELAINE R. SMITH, Guardian for THOMAS K. IRWIN, a Protected Person** : | Case No.:  3:23-cv-00365 |
| : | Judge Michael J. Newman |
| Plaintiffs : | Magistrate Peter B. Silvain, Jr. |
| : | |
| : | INTERROGATORIES AND |
| vs. : | REQUESTS FOR PRODUCTION |
| : | OF DOCUMENTS OF DEFENDANTS, |
| : | MIAMI VALLEY EMERGENCY |
| **MIAMI VALLEY HOSPITAL** : | SPECIALISTS, LLC AND STEVEN F. |
| : | CHAPMAN, DO PROPOUNDED TO |
| Defendants : | PLAINTIFF |

Now come Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O., by and through counsel, and address the following Interrogatories and Requests for Production of Documents to the Plaintiff, pursuant to Rules 33 and 34 of the Ohio Rules of Civil Procedure, to be answered within twenty-eight (28) days of the date appearing on the Certificate of Service attached hereto.

### INSTRUCTION

IN ORDER FOR DEFENSE COUNSEL TO EVALUATE THE ISSUES OF DAMAGES AND LIABILITY, IT IS IMPERATIVE THAT THE INFORMATION REQUESTED IN THE FOLLOWING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS BE ANSWERED IN A TIMELY MANNER SO THAT DEFENSE COUNSEL CAN CONDUCT A TIMELY, COMPREHENSIVE AND ACCURATE ANALYSIS OF THE DAMAGE AND LIABILITY ISSUES.  ACCORDINGLY, COUNSEL WILL INSIST THAT ANSWERS TO THESE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS BE COMPLETED AND SERVED WITHIN THIRTY DAYS OF SERVICE OR A MOTION TO COMPEL WILL BE FORTHCOMING UNLESS A REQUEST FOR EXTENSION IS TIMELY MADE.

### DEFINITIONS

1. With respect to all questions, all information is to be divulged which is within the knowledge, possession or control of the person to whom the Interrogatories are addressed or his/her attorneys, investigators, agents, employees, guardian or next friend or other representatives.

2. When an Interrogatory calls for an answer in more than one part, each part should be separate in the answer so that the answer is clearly understandable.

3. All answers must be made separately and fully stated under oath.

4. You are under a continuing duty to reasonably supplement your answers with respect to any questions directly addressed to the identity and location of persons having the knowledge of discoverable matters, the identity and location of persons expected to be called as expert witnesses at trial, and the subject matter on which they are expected to testify and to correct any response which you know or later learn is not correct.

5. Space for your answers has been provided beneath each Interrogatory; should there not be sufficient space to complete your answer, you may complete it in sequence on a separate appendix attached to the answers and identified appropriately.

## INTERROGATORIES

1. Please state the name, address and attach the curriculum vitae of all expert witnesses you intend to have testify at the trial on the merits in the above-captioned case relative to the issue of negligence, proximate cause and damages.

**ANSWER:**

2. Please attach written reports, if they exist, from each and every expert witness named in Interrogatory No. 1 or, in the event written reports do not exist, set forth a summary of each and every opinion which the particular expert intends to render at the trial on the merits.

**ANSWER:**

3. Please list and produce each and every document which you intend to introduce at the trial on the merits of the above-captioned case which will formulate the basis of the opinions expressed by your medical experts in accordance with Evidentiary Rule 702 and 703.

**ANSWER:**

4. Please list the names, addresses and provide a short summary of the testimony of all lay witnesses you intend to have testify in the above-captioned case.

**ANSWER:**

5. Please attach a copy of all medical records reflecting the care and treatment of all subsequent treating physicians including co-defendants who treated Plaintiff after and during Defendants' treatment.

**ANSWER:**

6. Please state in detail all damages, including economic loss, which you intend to present at trial. Include copies of all economic reports and/or documentation reflecting such loss.

**ANSWER:**

7. Please attach copies of all medical literature, including medical journal articles, chapter and abstract, which you intend to use at trial on the merits either in the direct testimony of expert witnesses in accordance with Evidentiary Rules 702(c) and 801(18).

**ANSWER:**

8. Please specify precisely and in detail each and every act or failure to act that you contend represents a departure from the standard of care by Defendants relative to their care and treatment of Plaintiff.

**ANSWER:**

9. Please provide the following information regarding Plaintiff:

   a. Full name;
   b. Current address and telephone number;
   c. Social security number;
   d. Date of birth; and
   e. Gender.

**ANSWER:**

10. Does Plaintiff currently have any type of healthcare insurance? If yes, please provide the following information:

    a) The name of the insurer;
    b) The policy number;
    c) The effective dates of coverage;
    d) The name of the covered beneficiary; and
    e) The name or identity of the provider.

**ANSWER:**

11. Does Plaintiff have or ever had healthcare coverage through Medicaid? If yes, please provide the following information:

    a) The effective coverage dates;
    b) The Medicaid number;
    c) The name or identity of the covered beneficiary; and
    d) The reason Medicaid coverage was provided.

**ANSWER:**

12. Are there any current or potential Medicaid liens relating to this action? If yes, please provide the following information:

    a) The lien amount;
    b) The date Medicaid was notified of a potential lien;
    c) The identity of any individual, and/or firm or corporation, including Medicaid, handling any potential Medicaid lien; and
    d) Please attach a copy of all correspondence or documentation relating to the lien.

**ANSWER:**

13. Does Plaintiff have or ever had healthcare coverage through Medicare? If yes, please provide the following information:

    a) The Medicare number;
    b) The name of the Medicare beneficiary;
    c) The effective dates of coverage;
    d) The end date, if applicable; and,
    e) The reason Plaintiff is entitled to or qualified for Medicare.

**ANSWER:**

14. Does Plaintiff plan to apply for Medicare benefits within the next two years?

**ANSWER:**

5

15. Are there any current or potential Medicare liens relating to this incident? If yes, please provide the following information:

   a) The amount of the potential Medicare lien;
   b) The date Medicare was notified of a potential lien;
   c) The identity of the individual and/or corporation handling any potential Medicare lien; and,
   d) Please attach a copy of all correspondence or documentation relating to the lien.

**ANSWER:**

16. What is the total amount of medical bills that will be claimed in the trial of this matter and which are intended to be introduced into evidence reflecting the care and treatment of Plaintiff allegedly resulting from the negligence of Defendants?

**ANSWER:**

17. Please set forth a Bates Robinson analysis of any and all medical bills.

**ANSWER:**

18. Please set forth the name, date of birth and social security number of any and all minor children of Plaintiff that are in any way economically dependent on Plaintiff and include whether any minor children are presently disabled in any manner and require special medical and economic needs.

**ANSWER:**

19. Please set forth as specifically as possible any and all injuries allegedly sustained as a result of Defendants' alleged negligence and whether any components of said injuries are permanent in nature, specifying the nature of permanency.

**ANSWER:**

20. Please set forth whether the alleged injuries sustained by Plaintiff are in the nature of loss of vision, loss of limb, or loss of organ system, specifying the nature of the loss.

**ANSWER:**

21. Please set forth whether Plaintiff will present a life care plan, the name, address and curriculum vitae of the life care planner and a copy of the life care plan in accordance with the request for production of documents that follow.

**ANSWER:**

22. Please set forth in detail any and all pre-existing co-morbidities that, apart from the alleged injuries in this lawsuit, impact life expectancy.

**ANSWER:**

23. Please set forth the names and addresses of all treating physicians of Plaintiff that have rendered medical care to Plaintiff since age 18.

**ANSWER:**

7

24. Please summarize the care and treatment rendered by physicians listed in your answer to Interrogatory No. 23.

**ANSWER:**

25. Please specify precisely in detail every act or failure to act that you contend represents a departure from the standard of care by Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O., relative to their care and treatment of Plaintiff.

**ANSWER:**

26. Please set forth the educational background of Plaintiff through current.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please attach a copy of all medical records reflecting the care and treatment of Plaintiff by Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O., which forms the basis of the opinions of your expert witnesses relative to standard of care, proximate cause and damages.

**RESPONSE:**

2. Please attach a complete copy of all medical records reflecting the care and treatment of all subsequent treating physicians including co-defendants who have treated Plaintiff.

**RESPONSE:**

3. Please attach a copy of all medical bills that will be claimed and attempted to be entered into evidence at the trial on the merits allegedly resulting from the negligence of Defendants.

**RESPONSE:**

4. Please attach a copy of the economic report authored by an expert economist allegedly reflecting the loss of economic damages resulting from the injury of Plaintiff.

**RESPONSE:**

5. Please attach a copy of any and all life care plans and a copy of the curriculum vitae of the life care planner that authored the plan.

**RESPONSE:**

6. Please provide a copy of Plaintiff's tax returns for five years prior to the injury allegedly sustained as a result of Defendants' negligence.

**RESPONSE:**

7. Please attach a copy of the vocational report authored by an expert in vocational expertise allegedly reflecting the vocational loss resulting from the injury to Plaintiff, including the curriculum vitae of the vocational expert to be used.

**RESPONSE:**

9

8. Please attach copies of all medical literature including medical journal articles, chapters and abstracts which you intend to use at trial on the merits either in the direct testimony of expert witnesses in accordance with Evidentiary Rules 702(c) and 803(18) or in the cross-examination of Defendants or Defendants' expert witnesses.

**RESPONSE:**

Respectfully submitted,

/s/ *Michael F. Lyon*

| | |
|---|---|
| Michael F. Lyon, Esq. | (0006749) |
| Paul J. Vollman, Esq. | (0065680) |
| Cullen P. Rooney, Esq. | (0098158) |

LINDHORST & DREIDAME CO., L.P.A.
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
(513) 421-6630 Phone
(513) 421-0212 Fax
mlyon@lindhorstlaw.com
pvollman@lindhorstlaw.com
crooney@lindhorstlaw.com
*Attorneys for Defendants, Miami Valley Emergency Specialists, LLC and Steven F. Chapman, D.O.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic and/or regular U.S. Mail on this 18th day of January, 2024:

Nicholas A. DiCello, Esq.
Spangenberg Shibley & Liber, LLP
1001 Lakeside Ave. East, Suite 1700
Cleveland, OH 44114
ndicello@spanglaw.com
*Attorney for Plaintiffs*

James J. Harrington, IV, Esq.
Todd J. Weglarz, Esq.
Fieger, Fieger, Kenney & Harrington, P.C.
19390 W. 10 Mile Road
Southfield, MI 48075
j.harrington@fiegerlaw.com
t.weglarz@fiegerlaw.com
*Attorney for Plaintiff*

John F. Haviland, Esq.
Amber R. Mullaly, Esq.
Jaren A. Hardesty, Esq.
Bieser, Greer & Landis, LLP
6 North Main Street, Suite 400
Dayton, OH 45402
jfh@biesergreer.com
arm@biesergreer.com
jah@biesergreer.com
*Attorneys for Miami Valley Hospital, Premier Health Partners, Trent Davis, Trevor Bickford, M.D., Joseph W. Inhofer, M.D., and Megan M. Synder, R.N.*

Joshua F. DeBra, Esq.
Calderhead, Lockemeyer & Peschke
6281 Tri-Ridge Blvd, Suite 210
Loveland, OH 45140
jdebra@clp-law.com
*Attorney for Defendant, Dr. Titus Chu*

/s/ *Michael F. Lyon*

Michael F. Lyon