UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELAINE R. SMITH, | : | Case No. 3:23-cv-365 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MIAMI VALLEY HOSPITAL, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Elaine R. Smith, as guardian of Thomas K. Irwin, brings this suit under 42 U.S.C. § 1983 and Ohio state law against several Defendants, including Miami Valley Hospital, Premier Health Partners, Miami Valley Emergency Specialists, security guard/police officer Trent Davis, and several physicians and medical care providers. (Doc. #1). Plaintiff alleges that after Mr. Irwin was forced to leave Miami Valley Hospital, Defendant Davis assaulted him, causing severe injuries and "rendering Mr. Irwin dependent and unable to perform his activities of daily living, for which he now requires 24-hour care and supervision for the remainder of his life." *Id.* at 2-3.

This case is presently before the Court upon Defendants Miami Valley Hospital, Premier Health Partners, Trent Davis, and Megan M. Snyder's Motion for Joinder of Subrogated Parties (Doc. #25). Plaintiff did not file a response to Defendants' Motion, and the time for doing so has elapsed. Accordingly, the Motion is ripe for review.

Defendants move the Court for an order under Rules 17 and 19 of the Federal Rules of Procedure requiring Plaintiff to join Ohio Department of Medicaid (ODM), as well as any other subrogated entity that has paid any medical bills on behalf of Plaintiff or Plaintiff's ward. (Doc.

#25, *PageID* #190).  Defendants assert that ODM and any other third-party payor are real parties in interest under Fed. R. Civ. P. 17 and must be made a party to the action.  *Id.* at 191.  Further, Defendants contend that ODM and any other third-party payor are necessary parties because Defendants are at a substantial risk of incurring a double or inconsistent judgment against them if ODM and other third-party payors are not joined.  *Id.* at 192-93.

As the Sixth Circuit has recognized, assessing whether joinder is proper under Rule 19 is a three-step process:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a).  Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear a case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs. Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (internal quotation marks and citations omitted).  As for the first step, Rule 19(a)(1) instructs that a necessary party is one where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  "If a court determines that a party is not 'necessary' under Rule 19(a)(1), 'joinder, as well as further analysis, is unnecessary."  *Local 670 v. Int'l Union*, 822 F.2d 613, 618 (6th Cir. 1987).  If the party is found to be necessary and "has not been joined as required, the court must order that the person be made a party" pursuant to Fed. R. Civ. P. 19(a)(2), unless at step two the Court determines joinder is not feasible because it would defeat jurisdiction, in which

2

case the Court turns to step three and considers the Rule 19(b) factors to determine whether the action should be dismissed. *Glancy*, 373 F.3d at 666 (citing *Temple v. Synthes Corp. Ltd.*, 498 U.S. 5, 8 (1990) and *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)). "The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a)." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014) (citing *Marshall v. Navistar Intern. Transp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich. 1996) and 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1359 (3d Ed. 2013)).

Although Defendants also cite Rule 17 as a basis of their motion, "Rule 19 … does not incorporate any of the 'real party in interest' principles of Rule 17. Merely having an interest in the action does not require joinder unless one of the three bases for joinder are met." *Burghardt v. Ryan*, No. 5:19-CV-325, 2020 WL 4350049, at *6 (N.D. Ohio July 29, 2020) (quoting *Klint v. Terrain King Corp.*, 79 F.R.D. 10, 11 (M.D. Pa. 1977) (internal citation and quotation marks omitted).

*Ohio Department of Medicaid (ODM)*

The undersigned finds that Defendants have not demonstrated a "substantial" risk of incurring double, multiple, or otherwise inconsistent obligations if ODM is not joined. As an initial matter, the statute which governs ODM's statutory right to recover costs places the burden on the Medicaid recipient to notify ODM of her attempts to recover damages. Specifically, a recipient and her attorney must cooperate with ODM and must "not later than thirty days after initiating informal recovery activity or filing a legal recovery action against a third party, provide written notice of the activity or action to the department of medicaid or county department if it has paid for medical assistance …." Ohio Rev. Code 5160.37(C). The statute permits ODM to intervene or join in any action to enforce its rights. Ohio Rev. Code 5160.37(H)(1). Moreover,

3

Ohio Rev. Code 5160.37(E) forbids a Medicaid recipient from entering into a settlement, or obtaining a final judgment or award, without giving ODM (or the appropriate county department) written notice and a reasonable opportunity to perfect its statutory right of recovery. Failure of the recipient to do so renders the recipient and her attorney liable for reimbursement of the expenses. Ohio Rev. Code 5160.37(E). Furthermore, to the extent that there is some risk to Defendants of multiple obligations, courts in the Sixth Circuit have refrained from compelling entities like ODM to join litigation under similar circumstances. *See Ahner v. Smith*, No. 3:17-CV-707, 2019 WL 5684438, at *5 (N.D. Ohio Nov. 1, 2019) (refusing to join the Center for Medicare and Medicaid Services as a necessary party); *Gobrecht v. McGee*, 249 F.R.D. 262 (N.D. Ohio 2007); *Estate of Barbeaux v. Lewis*, 196 F.Supp.2d 519, 521 (W.D. Mich. 2002)).

Moreover, the Eleventh Amendment bars federal courts from asserting jurisdiction over actions against a state or one of its departments. *See Pryor v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-CV-312, 2016 WL 2642048, at *2 (S.D. Ohio May 10, 2016) (Beckwith, D.J.). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). There is no evidence that the State of Ohio has waived its immunity in this case.

For these reasons, Defendants' request for an order requiring Plaintiff to join the Ohio Department of Medicaid is hereby **DENIED.**

*Other Subrogated Entities*

Defendants further seek an order requiring Plaintiff to join "any other subrogated entity that has paid any medical bills on behalf of Plaintiff or Plaintiff's ward …." (Doc. #25, *PageID* #190). However, Defendants do not identify any specific other subrogated entity, nor do they

4

provide any support for their belief that there may be other subrogated entities. Indeed, the evidence attached to their Motion suggests that there are no other subrogated entities. Specifically, when asked by Defendants in an interrogatory to "[i]dentify all health insurance coverage for [her] son insuring him for the damages [she] allege[s] regarding the present action," Plaintiff only identified Ohio Medicaid. (Doc. #25, *PageID* #196). Without the identity of the other subrogated entity, the Court cannot determine whether it is a necessary party under Fed. R. Civ. P. 19(a). Accordingly, Defendants' request for an order requiring Plaintiff to join any other subrogated entity that has paid any medical bills on behalf of Plaintiff or Plaintiff's ward is hereby **DENIED WITHOUT PREJUDICE**.

### IT IS THEREFORE ORDERED THAT:

Defendants Miami Valley Hospital, Premier Health Partners, Trent Davis, and Megan M. Snyder's Motion for Joinder of Subrogated Parties (Doc. #25) is **DENIED**.

June 18, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge