UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELAINE R. SMITH,
*Guardian for Thomas K. Irwin,*
*a Protected Person,*

  Plaintiff,

vs.

MIAMI VALLEY HOSPITAL, *et al.*,

  Defendants.

Case No. 3:23-cv-365

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

_____

**ORDER: (1) DENYING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING A RULING ON THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 37); AND (2) REQUIRING COUNSEL TO MEET AND CONFER CONCERNING THE LIMITED SCOPE OF DISCOVERY AS SET FORTH BELOW**
_____

  Plaintiff Elaine R. Smith brings this civil action on behalf of her son, Thomas K. Irwin, due to severe and permanent injuries he allegedly suffered when he was arrested on the campus of Defendant Miami Valley Hospital. Doc. No. 1 at PageID 3, 6-12. Plaintiff alleges that Defendant Trent Davis, a safety department police officer employed by Miami Valley Hospital and/or Defendant Premier Health Partners, used excessive force to effect Irwin's arrest, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution. *Id*. This claim arises under 42 U.S.C. § 1983 and triggers the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id*. Plaintiff also brings numerous state law claims based on this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Id*. at PageID 3, 12-19.

  The case is before the Court upon Defendants Miami Valley Hospital, Premier Health Partners, and Trent Davis's ("Defendants") motion to stay discovery pending a ruling on their

motion for partial summary judgment (Doc. No. 37),[1] Plaintiff's memorandum in opposition (Doc. No. 39), and Defendants' reply (Doc. No. 40).  Plaintiff also seeks a 21-day extension of time to respond to Defendants' motion for partial summary judgment (Doc. No. 41), which Defendants oppose (Doc. No. 42).

At present, the parties have not engaged in any significant discovery.[2]  *See* Doc. No. 39 at PageID 552; *see also* Doc. No. 40 at PageID 613.

**I.**

Defendants argue, in their summary judgment motion, that qualified immunity shields Davis from Plaintiff's excessive force claim and her state law claims.[3]  Doc. No. 35 at PageID 524-30.  Defendants contend in their motion to stay that "a defendant asserting qualified immunity is entitled to a stay of discovery."  Doc. No. 37 at PageID 540 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  According to Defendants, their assertion of qualified immunity raises a question of law that can be resolved without discovery.  Doc. No. 40 at PageID 613.  They also maintain that staying discovery aligns with the purposes of qualified immunity—avoiding disruptive discovery and respecting a defendant's "'entitlement not to stand trial or face the other burdens of litigation.'"  *Id*. at PageID 540 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Defendants correctly recognize that their assertion of qualified immunity raises a question of law for the Court to decide.  *See Flint ex rel. Flint v. Ky. Dept. of Corrections*, 270 F.3d 340,

---

[1] On August 16, 2024, Defendants filed their motion for partial summary judgment and motion to dismiss for lack of subject matter jurisdiction.  Doc. No. 35.  Plaintiff has filed her memorandum in opposition and one of her attorneys, Robert G. Kamenec, separately filed his affidavit pursuant to Fed. R. Civ. P. 56(d). Doc. Nos. 49, 50.  Defendants have filed their reply.  Doc. No. 55.  In light of the discovery permitted by the instant Order, additional briefing on Defendants' summary judgment motion may be warranted.
[2] The discovery deadline is May 30, 2025.  Doc. No. 16 at PageID 133.
[3] "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

2

346 (6th Cir. 2001) ("Qualified immunity is a question of law[.]"); *see Fettes v. Hendershot,* 375 Fed. App'x 528, 532 (6th Cir. 2010) ("[E]ven at the late stage of summary judgment, the qualified immunity analysis remains a question of law for a judge to decide").  Yet, the qualified immunity analysis is informed by the particular facts under consideration at each stage of the litigation.  At the Rule 12 motion to dismiss stage, the allegations in the complaint inform the qualified immunity analysis.  *See, e.g., Sterling Hotels, LLC v. McKay*, 71 F.4th 463, 467 (6th Cir. 2023) ("At the pleadings stage … the court takes the complaint's factual allegations as true and decides whether—based on those facts—the defendant is entitled to qualified immunity").  Consequently, a stay of discovery is typically warranted at that stage because a dismissal under Rule 12(b)(6) based on qualified immunity "precludes a plaintiff from proceeding further, even from engaging in discovery, since the plaintiff has failed to allege acts that are outside the scope of the defendant's immunity."  *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986).  Moreover, in that situation, a stay of discovery ensures that qualified immunity operates as it is designed—as "'an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law.'"  *Poe v. Haydon*, 853 F.2d 418, 424 (6th Cir. 1988) (quoting *Mitchell,* 472 U.S. at 526); *see also Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) ("the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." (cleaned up) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, n.2 (1987)).

In contrast, at the Rule 56 summary judgment stage, the genuinely undisputed material facts inform the qualified immunity analysis.  *See Flint*, 270 F.3d at 346 ("A court should not grant summary judgment on the issue of qualified immunity if there exists a genuine issue of material

3

fact, 'involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.'" (quoting *Poe,* 853 F.2d at 425-26). "If the defendant is denied qualified immunity on the motion to dismiss, then 'the plaintiff ordinarily will be entitled to some discovery.'" *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

## II.

In the present case, Defendants have essentially jumped over the motion to dismiss stage and have asserted qualified immunity in their summary judgment motion. Doc. No. 35. There is nothing procedurally wrong with this approach. *See, e.g., Booker v. LaPaglia,* 617 Fed. App'x 520, 523 (6th Cir. 2015) (noting in a qualified immunity case, "the district court … ordered the parties to file dispositive motions without the benefit of discovery"). Yet, Defendants' statement of facts in their summary judgment motion is based, in part, on Defendant Davis's affidavit. Doc. No. 35 at PageID 521-22; Doc. No. 30. Some differences appear when the allegations in Defendant Davis's affidavit are compared to the allegations in Plaintiff's complaint. For example, Davis reports in his affidavit, "At the direction of my supervisor, I ran toward Mr. Irwin to place him under arrest for public indecency." Doc. No. 30 at PageID 212, ¶ 26. He continues, "As I caught up to Mr. Irwin, I reached out to him in an attempt to effectuate the arrest, to prevent him from further fleeing the arrest, and to prevent the arrest from continuing into Main Street traffic." *Id*., ¶ 30. "As we landed on the ground, my initial goal was to securely control Mr. Irwin for purposes of effectuating his arrest." *Id.,* ¶ 32. In contrast, Plaintiff states in her complaint, "While outside the hospital and while Mr. Irwin was peacefully walking away through a pedestrian crosswalk in the parking lot, Defendant Davis … suddenly, without provocation, cause, and need therefore, ran toward Plaintiff [Mr. Irwin], grabbed Irwin in a bear hug from behind, and tackled him face first

4

into the ground, causing Irwin's head and face to strike against the concrete ground."[4] Doc. No. 1 at PageID 9-10, ¶ 47.

In light of these differing versions of the events leading to and during Mr. Irwin's arrest, Defendants are not entitled to a discovery stay. Instead, Plaintiff is entitled to discovery concerning Mr. Irwin's conduct after he left Miami Valley Hospital and the method and force Defendant Davis used to arrest Irwin. The Court makes no further findings concerning the scope of discovery at this time and leaves it to counsel to jointly plan, and engage in, the scope of discovery needed to inexpensively, justly, and expeditiously litigate Defendants' motion for summary judgment. See Fed. R. Civ. P. 1.

### III.

For the above reasons, Defendants' motion to stay discovery is **DENIED**. In the event counsel are unable to resolve any differences that might arise concerning the matters to be discovered here and the scope of that discovery—and after they have exhausted all extrajudicial means of resolving their differences—they should seek an informal telephone conference with Magistrate Judge Peter B. Silvain, Jr. prior to filing any discovery motions. See S.D. Ohio Civ. R. 37.1. Following the close of discovery, the Court will rule on Defendants' summary judgment motion.

**IT IS SO ORDERED.**

October 24, 2024     s/*Michael J. Newman*
                     Michael J. Newman
                     United States District Judge

---

[4] By so noting, the Court does not intend to find or even suggest that genuine issues of material fact do or do not exist.