UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELAINE R. SMITH,
*Guardian for Thomas K. Irwin,*
*a Protected Person,*

        Plaintiff,

vs.

MIAMI VALLEY HOSPITAL, *et al.*,

        Defendants.

Case No. 3:23-cv-365

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING, PURSUANT TO THE SIXTH CIRCUIT'S MANDATE IN
*SMITH V. MIAMI VALLEY HOSPITAL*, DEFENDANTS' MOTION TO STAY
DISCOVERY PENDING A RULING ON THEIR MOTION FOR SUMMARY
JUDGMENT (Doc. No. 37); AND (2) STAYING DISCOVERY PENDING A DECISION
ON THE MOTION FOR SUMMARY JUDGMENT (Doc. No. 68)**

---

Pursuant to the Sixth Circuit's mandate in *Smith v. Miami Valley Hospital*, the Court
**GRANTS** Defendants' motion for a stay of discovery while the motion for summary judgment,
which raises qualified immunity, is under consideration. Doc. No. 37; 172 F.4th 945, 949 (6th
Cir. 2026) ("When the district court is 'faced with a motion based on qualified immunity,' it cannot
'avoid ruling on the issue' by simply ordering further discovery") (quoting *Everson v. Leis*, 556
F.3d 484, 492 (6th Cir. 2009)); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this
threshold immunity question is resolved, discovery should not be allowed"); *see also Summers v.
Leis*, 368 F.3d 881, 886 (6th Cir. 2004) ("The purpose of a qualified immunity defense is not only
protection from civil damages but protection from the rigors of litigation itself, including the
potential disruptiveness of discovery"); S*kousen v. Brighton High School*, 305 F.3d 520, 527 (6th
Cir. 2022) ("Rather than dismiss the [summary judgment] motion because discovery was not

complete, the district court was required to determine—prior to permitting further discovery—whether [Plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation…Only then, and only on a finding that material facts were in dispute, was the court at liberty to hold the [summary judgment] motion in abeyance pending discovery").

As such, further discovery in this case is **STAYED** pending the Court's decision on the motion for summary judgment.  Doc. No. 68.  The Court will rule on the motion for summary judgment once the parties have fully briefed it.

**IT IS SO ORDERED.**

June 11, 2026                                            s/*Michael J. Newman*
                                                        Hon. Michael J. Newman
                                                        United States District Judge

2